UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNIVERSAL HEALTH GROUP,**

            **Plaintiff(s),**        **CASE NUMBER: 09-12524**
                                              **HONORABLE VICTORIA A. ROBERTS**

**v.**

**ALLSTATE INSURANCE COMPANY,**

            **Defendant(s).**
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S CLAIMS OF EXEMPLARY AND PUNITIVE DAMAGES**

**I.   INTRODUCTION**

This matter is before the Court on Allstate's Motion to Dismiss Plaintiff's Claims of Exemplary and Punitive Damages for Failure to Comply with MCLA §600.2911(2)(b). (Doc. #9).  Allstate says Plaintiff did not give Allstate a reasonable time to publish a retraction before it filed a Complaint that seeks exemplary damages for its defamation claim.

Allstate's motion is **GRANTED**; the dismissal is without prejudice.

**II.   BACKGROUND AND PROCEDURAL HISTORY**

In a letter sent to Allstate's Staff Claim Service Adjuster at 4:19 p.m. on May 27, 2009, Plaintiff's counsel said:

> The purpose of this letter is to demand that you and on behalf of Allstate immediately cease and desist from making . . . false and reckless statements, and refrain from causing further harm and damage to my client's reputation and business interests.  Additionally, pursuant to MCL 600.2911(2)(b), we hereby demand that Allstate publish a retraction of these false and defamatory statements, advising that there is no factual

1

>basis for Allstate's claim that my client has billed for services not rendered, and/or that my client has not been put under any type of special or other investigation – other than by Allstate personne[l] – and that said internal investigation of Universal by Allstate has not developed facts sufficient to question whether the services billed by Universal Health Group Inc., are in fact payable under Michigan Law.
>
>Your failure . . . on behalf of Allstate to immediately publish such a retraction to any and all Allstate insureds with whom Allstate has had communication with in regards to my client along the lines specified above, will result in a claim for exemplary damages as provided by statute and in connection with the claim for defamation to be filed.

On May 28, 2009, Plaintiff filed a Complaint in the Wayne County Circuit Court for: (1) non payment of no-fault insurance benefits; (2) defamation; and (3) tortious interference with a business relationship or expectancy. Plaintiff seeks exemplary damages for its defamation claim. See Complaint, p. 14:

>MCL 600.2911(2)(b) provides for the recovery of exemplary damages, where, as here, before commencement of the defamation action, Plaintiff Universal gave notice to the Defendant Allstate to publish a retraction and allowed a reasonable time to do so.

On June 25, 2009, Allstate answered Plaintiff's Complaint and removed the case to this Court. Plaintiff's counsel served Allstate with the Summons on June 29, 2009.

In a letter dated August 12, 2009, Plaintiff's counsel asked defense counsel to stipulate to the dismissal of the defamation count without prejudice and costs. After dismissal, Plaintiff's counsel would immediately re-send the letter demanding retraction, wait 30 days, and file the defamation claim if Allstate does not comply.

### III.    ARGUMENTS AND ANALYSIS

MCLA §600.2911(2)(b) says: "Exemplary and punitive damages shall not be recovered in actions for libel unless the plaintiff, before instituting his or her action, gives notice to the defendant to publish a retraction and allows a reasonable time to do so[.]"

Allstate says Plaintiff's notice to publish a retraction – provided less than one day before Plaintiff filed its Complaint – did not provide a reasonable time for Allstate to publish a retraction.

Plaintiff opposes Allstate's motion, and says that while it filed the Complaint the day after it sent notice to publish a retraction, Allstate was provided a reasonable time to publish a retraction because Allstate did not know for weeks that the Complaint was filed, and Plaintiff waited approximately one month before attempting service.

In the alternative, Plaintiff asks the Court for permission to dismiss its defamation claim without prejudice and costs; send Allstate another notice to publish a retraction; allow Allstate 30 days to publish a retraction; and re-file its defamation claim (including a request for exemplary and punitive damages), if Allstate does not publish a retraction.

Since a civil action is commenced at filing – and not the date of service – the Court finds that Plaintiff did not allow Allstate a reasonable time to publish a retraction as §600.2911(2)(b) requires. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court"); MCR 2.101(B) (same).

Nonetheless, Fed. R. Civ. P. 41(a)(2) allows Plaintiff to voluntarily dismiss his defamation claim without prejudice:

> [A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

"A voluntary dismissal should be granted in most cases unless the defendant will suffer 'some plain prejudice other than the mere prospect of a second lawsuit.'" *Fawns v. Ratcliff*, 1997 WL 377025 at *2 (6th Cir. July 3, 1997) (quoting *Hartford Accident &*

3

*Indemnity Co. v. Costa Lines Cargo Services, Inc.*, 903 F.2d 352, 360 (5th Cir. 1990)).

To determine whether Allstate will suffer "prejudice" as a result of the dismissal, the Court considers:

(1) the amount of effort and expense Allstate invested in preparation for trial;

(2) whether Plaintiff caused excessive delay or has not been diligent in prosecuting the action;

(3) whether Plaintiff offered a sufficient explanation for the need to take a dismissal; and

(4) whether Allstate has filed a motion for summary judgment.

*Ratcliff*, 1997 WL 377025 at *2 (citing *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)).

Because this case has only been pending for approximately five months and no discovery has occurred on the defamation claim, these factors weigh in favor of dismissal of Plaintiff's defamation claim without prejudice and costs. Further, dismissal may result in a resolution of this issue or could remove the issue of exemplary or punitive damages from the calculation of damages; this can only benefit Allstate.

## IV. CONCLUSION

Allstate's motion is **GRANTED**, but Plaintiff's defamation claim is **DISMISSED WITHOUT PREJUDICE**.

If Plaintiff intends to re-file its defamation claim with a request for exemplary and punitive damages, on or before **November 2, 2009**, it must send Allstate another notice to publish a retraction; allow Allstate 30 days to publish a retraction; and re-file its defamation claim by **December 3, 2009**, if Allstate does not publish a retraction.

4

Alternatively, Plaintiff can re-file the defamation claim but abandon its request for exemplary and punitive damages.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  October 30, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 30, 2009.

s/Carol A. Pinegar
Deputy Clerk