UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNIVERSAL HEALTH GROUP,            Case No. 09-12524

      Plaintiff,                                   Victoria A. Roberts
vs.                                            United States District Judge

ALLSTATE INSURANCE COMPANY,         Michael Hluchaniuk
                                                            United States Magistrate Judge
      Defendant.
_____/

**REPORT AND RECOMMENDATION
DEFENDANT'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AND PROTECTIVE ORDER (Dkt. 23)**

District Judge Victoria A. Roberts referred this matter to the undersigned for all pretrial proceedings. (Dkt. 30). On November 6, 2009, defendant filed a motion for partial summary judgment and for a protective order. (Dkt. 23). Before the hearing was held on this motion, the parties resolved the motion for partial summary judgment, as set forth in their joint statement of resolved and unresolved issues. (Dkt. 46). Thereafter, the undersigned issued an order addressing only the motion for protective order and noting resolution of the motion for partial summary judgment. (Dkt. 60).

On July 26, 2010, pursuant to Local Rule 58.1(c), defendant filed a notice of entry of order, with an attached proposed order reflecting the parties' previous agreement on the motion for partial summary judgment. (Dkt. 78). More than

seven days have passed since this notice was filed and plaintiff has not filed any objection to the form or substance of the proposed order. Thus, the undersigned **RECOMMENDS** that the Court **ENTER** the order as proposed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: September 3, 2010                    s/Michael Hluchaniuk
                                           Michael Hluchaniuk
                                           United States Magistrate Judge

## CERTIFICATE OF SERVICE

    I certify that on September 3, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Craig S,. Romanzi, Allison D. Lazette, Stanley J. Feldman, and Karen W. Magdich.

                                           s/Tammy Hallwood
                                           Case Manager
                                           (810) 341-7887
                                           tammy_hallwood@mied.uscourts.gov