UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNIVERSAL HEALTH GROUP,

Plaintiff,

vs.

ALLSTATE INSURANCE COMPANY,

Defendant.
_________________________________/

Case No. 09-12524

Victoria A. Roberts
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

**REPORT AND RECOMMENDATION**
**MOTION TO STRIKE OR FOR SUMMARY JUDGMENT (Dkt. 106)**
**AND MOTION TO DISMISS (Dkt. 107)**

## I. PROCEDURAL HISTORY

This action was removed to federal court by defendant on June 25, 2009. (Dkt. 1). District Judge Victoria A. Roberts referred this matter to the undersigned for all pretrial proceedings on December 22, 2009. (Dkt. 30). On November 24, 2010, defendant filed a motion to dismiss plaintiff's third amended complaint based on various discovery violations. (Dkt. 88). After conducting a hearing on the motion to dismiss or for sanctions and allowing the parties to file supplemental briefs, the undersigned concluded that plaintiff's conduct did not warrant dismissal, but concluded that some sanctions were appropriate. (Dkt. 105). The Court concluded that, even after three extensions of time, the discovery responses

(as previously ordered to be supplemented in 2010)[1] were incomplete and inadequate. (Dkt. 105, Pg ID 4034). The Court imposed a sanction on plaintiff by limiting it to documents, evidence, and witnesses (insofar as it related to that which was responsive to the discovery requests at issue) that were already produced to defendant or identified as witnesses. (Dkt. 105, Pg ID 4033-34). The Court made it clear that "unless plaintiff can show good cause as to why any documents or evidence were not produced to defendant (or witnesses identified) in accordance with the May 10, 2010 Order, it is not permitted to use such documents, evidence, or witnesses to support its claims." (Dkt. 105, Pg ID 4034). The Court also ordered plaintiff to perform a very limited supplementation of its responses by specifically identifying the documents that were responsive to each request. *Id*. The undersigned emphasized, however, that "no additional responsive documents may be identified or produced, absent a motion and an adequate showing of good cause." *Id*. In addition, the undersigned extended discovery for the sole purpose of permitting defendant to conduct certain depositions within a 45 day period of the May 3, 2011 Order. (Dkt. 105, Pg ID 4034-35).

On July 18, 2011, defendant filed a second motion to dismiss plaintiff's third amended complaint based on plaintiff's failure to comply with the May 3, 2011

[1] *See* Order Granting Defendant's Motion to Compel in Part, dated May 10, 2010. (Dkt. 61).

Order. (Dkt. 107). On that same date, defendant also filed a motion to strike plaintiff's May 17, 2011 document production and a motion for summary judgment on plaintiff's claims for defamation and tortious interference. (Dkt. 106). After allowing plaintiff additional time to respond to these motions, the Court conducted a hearing on the motions, pursuant to notice, on September 28, 2011. (Dkt. 110, 119). Plaintiff filed responses on September 1, 2011. (Dkt. 114, 115). Defendant filed replies on September 13, 2011. (Dkt. 116, 117). This matter is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED** and that plaintiff's complaint be **DISMISSED** with prejudice.[2]

## II. PARTIES' ARGUMENTS

According to defendant, despite numerous attempts, it has been unable to secure any of the depositions it is entitled to take under the Court's May 3, 2011 Order. On May 20, 2011, defendant sent an email to plaintiff in an effort to coordinate dates when the aforementioned depositions could be taken. (Dkt. 107, Ex. C). According to defendant, plaintiff never responded. On May 27, 2011, defendant served plaintiff with several deposition notices, with arbitrarily selected

---

[2] Given the foregoing conclusion, the merits of defendant's motion to strike or for summary judgment need not be addressed on the merits.

deposition dates. (Dkt. 107, Ex. D). These deposition notices were for various employees and chiropractors of UHG. On June 16, 2011, defendant sent a letter to plaintiff in an effort to follow up on the May 27, 2011 deposition notices. (Dkt. 107, Ex. E). According to defendant, plaintiff never responded. Two weeks later, on June 29, 2011, the day before the first set of arbitrarily noticed depositions were to take place, defendant called plaintiff to confirm the depositions were in fact going to take place. According to defendant's counsel, during that telephone conversation, plaintiff's counsel indicated that none of the noticed witnesses would be produced at the times scheduled in the deposition notices. On June 29, 2011, defendant's sent an email to plaintiff's counsel confirming the witnesses would not be produced at the times scheduled in the arbitrary deposition notices. (Ex. F). Defendant asserts that it is essential to its defense that it secures the depositions of the witnesses, whose depositions were properly and timely noticed on May 27, 2011.

Under these circumstances, defendant argues that dismissal of plaintiff's complaint is an appropriate sanction. Analyzing the factors set forth in U.S. v. Reyes, 307 F.3d 451, 458 (6th Cir. 2002), defendant asserts that plaintiff's conduct was, without question, willful. Defendant argues this wilfulness is evident given that despite a number of attempts to coordinate with plaintiff's counsel regarding these depositions, plaintiff's counsel not only failed to produce a single witness, it

failed to produce a single return phone call or email in response to defendant's efforts to depose key witnesses. Defendant argues that its inability to conduct key discovery, including the deposition of any UHG personnel, is prejudicial to its defense. As to a pre-dismissal warning, while defendant acknowledges that there was no explicit warning from the Court issued previously, the issuance of lesser sanctions and the previously filed motion to dismiss constitute ample warning. Finally, defendant points out that lesser sanctions were considered and imposed and plaintiff continually ignores the Court's orders. Under the circumstances, defendant contends that dismissal is an appropriate sanction.

In response, plaintiff argues that dismissal is not appropriate. Plaintiff claims that there was a "mutual agreement" to take depositions outside the 45 day period. (Dkt. 115). Plaintiff asserts that it never received any letter from defendant's counsel except the June 2, 2011 letter enclosing the deposition notices. Plaintiff admits that the telephone conversation took place, but not with "counsel of record." Plaintiff asserts that it has no objection to allowing these depositions to take place at a mutually agreeable time and date. Plaintiff argues that there has been no willful conduct to disregard the Court's Order and dismissal is not warranted where defendant arbitrarily scheduled the depositions and made one telephone call regarding whether the arbitrarily scheduled depositions would take place. Plaintiff's counsel denies receiving any emails regarding the depositions.

## III. ANALYSIS AND CONCLUSION

### A. Legal Standards

In *U.S. v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002), the Sixth Circuit observed that the factors considered for dismissal under either Rule 37(b)(2) or Rule 41(b) are the same:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

"Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *Id*. In *Reyes*, the Court also held that a party seeking to avoid the sanction of dismissal "has the burden of showing that his failure to comply was due to inability, not willfulness or bad faith." *Id*., citing, *Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988). The pre-dismissal warning for failure to comply with the district court's orders is pivotal to the determination of willfulness. *See Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988). In any event, "[d]ismissal of an action ... is a sanction of last resort," *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988), and due process appears to require a finding of bad faith or willfulness. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50

(1991). Bad faith is more than "mere gamesmanship or garden variety discovery abuses." *Fharmacy Records v. Nassar*, 248 F.R.D. 507, 530 (E.D. Mich. 2008).

The undersigned finds plaintiff's counsel's statements at the hearing to be critical in analyzing the four factors set forth in *Reyes*. At the hearing, plaintiff's counsel's primary excuse for failing to produce the witnesses in the 45 day period was the impending trial in another case involving extensive pre-trial motion practice in this case same period. (Dkt. 119, Pg ID 4779-80). The Court directly asked Mr. Romanzi what efforts he made to reschedule the depositions. He stated in response:

> MR. ROMANZI: At the time there was no real end in sight regarding the A & A trial. And in all honesty if that case were to have gone to trial, it would have been by conservative estimates an eight to 12 week trial. And given the uncertainty of the scheduling at that point, there –- there was no effort to reschedule dates because there was no knowledge that I would have certain dates available. So then we just received the motion and after we received the motion there was no contact. Although as I indicated in my response, I did attend two depositions by Ms. Magdich's office of two of the deponents, one Dr. Katz and one Dr. Chudler that were attended by Mark Richards and there was no discussion regarding this case or any request for dates or anything related to the depositions of those individuals or any of the other individuals on that list at that time.

(Dkt. 119, Pg ID 4783). The Court also asked Mr. Romanzi if he had made any efforts to extend the 45 day deadline by stipulation. He stated in response:

> MR. ROMANZI: Not -- not by stipulation. I will say that by sort of unspoken consent because we also had the right to take -– pursuant to this Court's ruling, to take the depositions of Marianne Setter, Jim Kargula, Tom Remski and Gloria Urquhart and there may be one more adjuster, I can't recall at the moment. We did take Gloria Urquhart and Tom Remski. We have scheduled Jim Kargula and Marianne Setter and we had to adjourn those. There was no objection to the adjournment. My belief was that they –- those witnesses would be produced at a mutually agreeable date and time and then I would produce my people at a mutually agreeable date and time. There was never any hard -– and I don't intend to do that now. There's never been any hard line saying oh, this time has passed, I'm not going to produce these people. It hasn't been asserted by Ms. Magdich with regard to Jim Kargula or Marianne Setter.

(Dkt. 119, Pg ID 4785). Notably, all the depositions to which Mr. Romanzi refers are witnesses produced by defendant, not plaintiff. While the Court is certainly aware of the work required to prepare for trial in a large case with extensive motion practice, there is simply no excuse to fail to communicate with opposing counsel regarding the deposition schedule, particularly given the time constraints of the May 3, 2011 Order. Plaintiff has not been reticent about requesting extensions of time to comply with court orders in the past or extend briefing deadlines[3] and the Court cannot imagine why a simple request could not have

---

[3] *See e.g.*, Dkt. 71 (Motion to Extend Time to Answer Discovery); Dkt. 72 (Motion to Extend Time to File Third Amended Complaint); Dkt. 74 (Second Motion to Extend Time to Answer Discovery); Dkt. 108 (Motion to Extend Time to File Response to Motion to Dismiss); Dkt. 109 (Motion to Extend Time to File Response to Motion to Strike).

easily been made in these circumstances.

The Court also inquired of Mr. Romanzi to point to the language in May 3, 2011 Order on which he relied to produce additional documents to defendant. The Court and Mr. Romanzi had the following exchange:

> THE COURT: I'm looking at the order and – and there is a section of the order that's on Page 5 of the order that says this. In addition, plaintiff is required to supplement its responses to defendant's request for production to specifically identify the documents that are responsive to each request. This must be done within 14 days of entry of this order. Of course no additional responsive documents may be identified or produced absent a motion and an adequate showing of good cause. Is that the language that – that you believe –
>
> MR. ROMANZI: That is – that is the language.
>
> THE COURT: All right. And you interpreted that to – to -- to be that you could file additional documents after that order was entered?
>
> MR. ROMANZI: That I had to – yes. Yes, I did. But I will also say this. Is the vast majority of the documents that we've submitted, if not all, and I would say all of the documents that we submitted were documents that are maintained within Allstate's files.

(Dkt. 119, Pg ID 4787). The Court is utterly mystified as to how Mr. Romanzi could have reasonably interpreted the language of the May 3, 2011 Order in this fashion. While not every aspect of this Court's orders are always so crystal clear, the meaning of this language – "Of course, no additional responsive documents

may be identified or produced absent a motion and an adequate showing of good cause" – could not be more plain and obvious. The half-hearted excuse that most "most" of the documents were already produced defies the entire purpose of May 3, 2011 Order, which was to limit plaintiff to the documents and evidence already produced and to require plaintiff to correlate the documents to the requests. Producing "six inches" of additional paper after entry of the May 3, 2011 Order without leave of Court was plainly defying the Order. Indeed, Mr. Romanzi was unable to point to any documentation indicating that he had correlated the document production to the document requests as ordered by the Court. (Dkt. 119, Pg ID 4787-88). In addition, defendant's counsel also indicated that plaintiff had not supplemented the interrogatories as required by the May 3, 2011 Order and the May 10, 2010 Order. (Dkt. 105, Pg ID 4031). Plaintiff has offered no evidence suggesting that the interrogatories were, in fact, ever supplemented as ordered. Defendant's counsel also denies the existence of any agreement to conduct the depositions outside the 45 day period and plaintiff's counsel's representations that such a nebulous "unspoken" agreement that seems quite unlikely given the course of this litigation and the prior conduct of the parties. Moreover, as defendant's counsel pointed out, as of the September 28, 2011 hearing, nothing in the record shows that plaintiff's counsel ever offered any dates for depositions any time after the motion was filed or after the conflicting trial was canceled.

While this case does not present the most egregious pattern of discovery abuses warranting dismissal, such as those found in *Fharmacy Records v. Nassar*, 379 Fed.Appx. 522 (6th Cir. 2010), such is not the standard to be applied. Rather, an examination of the four *Reyes* factors reveals that dismissal is warranted in this case. In the view of the undersigned, plaintiff's counsel's conduct in disregarding the Court's plain and clear May 3, 2011 Order could only be willful. As Judge Roberts recently pointed out in *Whited v. Motorists Mutual Ins. Co.*, 2010 WL 3862717 (E.D. Mich. 2010), quoting *Reg'l Refuse*, 842 F.2d at 154, "if a party has the ability to comply with a discovery order and does not, dismissal is not an abuse of discretion." While there is evidence that plaintiff's counsel may not have been able to produce the witnesses in the 45 day period because of a scheduled trial, plaintiff did virtually nothing to comply with the requirement to schedule the depositions in the 45 day period mandated in the May 3, 2011 Order, did not seek additional time from the Court, and failed to communicate with opposing counsel. Plaintiff also violated the May 3, 2011 Order by producing additional documents when it was clearly required to seek leave of the Court and show good cause to do so. Plaintiff also failed to correlate the documents already produced to the document requests as ordered. Significantly, there is no evidence of any attempt whatsoever by plaintiff to correct these issues between the time the motion was filed and the date of the hearing, including scheduling the depositions after his trial

was canceled. It is also important to note that the first motion to dismiss, filed on November 24, 2010 was based on plaintiff's failure to comply with the Court's discovery order dated May 10, 2010. (Dkt. 88). The hearing on that motion was not held until January, 2011, during which plaintiff's counsel agreed to supplement the discovery responses. Yet, it is apparent from the second motion to dismiss, that was never done. Plaintiff's counsel's excuses are simply unavailing in light of his pattern of delay and failure to comply with discovery orders since at least May, 2010. Thus, the undersigned finds that the conduct was willful.

The prejudice to defendant is clear. Simply showing that a party "waste[d] time, money, and effort in pursuit of cooperation which [the opponent] was legally obligated to provide" can suffice to establish prejudice. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008), quoting *Harmon v. CSX Transp.*, 110 F.3d 364, 368 (6th Cir. 1997). In addition, defendant's inability to prepare a defense in this case by obtaining information from key witnesses is prejudicial. *See Smith v. Nationwide Mutual Ins. Co.*, 410 Fed.Appx. 891 (6th Cir. 2010).

In the *Fharmacy* case, the Sixth Circuit recently explained that an express written warning of dismissal is not always necessary:

> As for the third factor, we have reversed the dismissal of certain cases where the district court failed to "put the derelict parties on notice that further noncompliance would result in dismissal," *Wu*, 420 F.3d at 644; *Freeland v. Amigo*, 103 F.3d 1271, 1279–80 (6th Cir.

> 1997); *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988), but as this is just one factor, we have also held that prior warning is not indispensable, *see United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002); see also *Link v. Wabash R.R.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (noting that a district court can, in some circumstances, "dismiss a complaint ... even without affording notice of its intention to do so"). Finally, we have instructed courts to look first to an "alternative sanction [that] would protect the integrity of the [judicial] process," but we have "never held that a district court is without power to dismiss a complaint, as the first and only sanction, ... and [we are] loath[ ] to require the district court to incant a litany of [ ] available lesser sanctions." *Schafer*, 529 F.3d at 738 (quoting *Harmon*, 110 F.3d at 368) (quotation marks omitted).

In this Court's previous order denying the motion to dismiss based on discovery abuses, it discussed the *Reyes* factors and concluded that it could not impose such a sanction because, among other reasons, no warning had been given to plaintiff. While the undersigned did not state in that order that if plaintiff's discovery abuses continued, the complaint would be dismissed, plaintiff was on clear notice that continued abuses could cause that result. This is especially so because the Court chose to impose a lesser, but quite significant sanction of limiting plaintiff at trial to evidence, documents, and witnesses that had been produced or identified in its discovery responses. Surely plaintiff was aware that further abusive conduct could result in more drastic sanctions, including dismissal, particularly because defendant had expressly requested such a sanction. Obviously, lesser sanctions were imposed

and did not curtail plaintiff's discovery conduct. Thus, all four factors of the *Reyes* test weigh in favor of dismissal.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED** and that plaintiff's complaint be **DISMISSED** with prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 9, 2012

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I certify that on January 9, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Craig S,. Romanzi and Karen W. Magdich.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov