UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNIVERSAL HEALTH GROUP,

        Plaintiff,

v.

ALLSTATE INSURANCE CO.,

        Defendant.
_____/

CASE NUMBER: 09-12524

HONORABLE VICTORIA A. ROBERTS

MAGISTRATE JUDGE MICHAEL HLUCHANIUK

## ORDER ACCEPTING REPORT AND RECOMMENDATION THAT MOTION TO DISMISS BE GRANTED

**I.    INTRODUCTION**

    This case was originally filed in 2009. A Third Amended Complaint was filed on June 29, 2010. To date, none of the provider doctors who are part of the Plaintiff health group has been deposed. Plaintiff sues for reimbursement of allowable expenses under the Michigan No-Fault Act, Mich. Comp. Laws § 500.3101, *et. seq.*; statutory and common law defamation; and tortious interference with a business relationship.

    On January 9, 2012, Magistrate Judge Michael Hluchaniuk issued a Report and Recommendation (R&R) that Defendant's motion to dismiss Plaintiff's Third Amended Complaint be granted (Doc. 120). Plaintiff objected to the Magistrate's recommendation that its Complaint be dismissed for willful failure to comply with discovery (Doc. 121).

    Under Fed R. Civ. P. 72(b), this Court must conduct a de novo review of any part of the Magistrate's recommended disposition that is properly objected to. The Court agrees with the Defendant that Plaintiff's objections fail to "recite precisely" the provisions of Judge Hluchaniuk's R&R that they pertain to, as required by Fed. R. Civ.

P. 72(b)(2). Nonetheless, the Court considers them as a general objection to the Magistrate's finding of wilfulness, which formed the basis for his recommendation for dismissal, despite the fact that Plaintiff had not been formally warned that dismissal was in the offing.

Based on that de novo review, the Court **ACCEPTS** the Recommendation of the Magistrate Judge and **DISMISSES** Plaintiff's Third Amended Complaint with prejudice.

## II.     DISCUSSION

The following is evident:

1.    The Magistrate Judge had previously sanctioned Plaintiff because of discovery abuses by limiting documents, evidence and witnesses Plaintiff could present at trial to those it had already produced (May 3, 2011 Order, Doc. 105). The Court also ordered that Plaintiff could not produce additional documents without first filing a motion demonstrating good cause.

2.    In its May 3, 2011 Order, the Court noted that multiple discovery extensions had already been granted to Plaintiff. It extended discovery for the sole purpose of permitting Defendant to conduct depositions of Plaintiff providers within a 45 day period.

3.    Almost immediately after entry of that Order, Defendant sought to schedule those depositions. It sent an email to counsel for Plaintiff, Mr. Romanzi, on May 20, 2011 asking for available dates for the depositions. Plaintiff did not respond to the email, and on May 27, 2011, Defendant arbitrarily set dates for the required depositions and sent notices to Plaintiff's counsel. Plaintiff did not respond to the notices. On June 16, 2011, Defendant's counsel sent Mr. Romanzi a letter stating that the deposition

dates were arbitrarily selected, and asking him to coordinate scheduling. Mr. Romanzi did not respond. Defense counsel called Mr. Romanzi on June 29, 2011 and reached him; Mr. Romanzi said the depositions would not take place on the dates scheduled, but he did not offer alternative dates. That same day, defense counsel sent an email to Mr. Romanzi, acknowledging that the depositions would not occur as scheduled, and asking that he provide alternative dates. Mr. Romanzi did not respond.

4. Defendant filed a motion to dismiss on July 18, 2011, its second such motion based on discovery failures.

5. Judge Hluchaniuk held a hearing on the motion on September 28, 2011. Nothing in the record shows that Plaintiff's counsel ever offered any dates for depositions any time after the motion was filed or after the time consuming trial he said he was preparing for–was cancelled.

6. At the hearing Judge Hluchaniuk conducted on the motion, counsel for Plaintiff offered no good excuse why he–minimally–could not communicate with defense counsel to schedule depositions for a convenient time, or to ask for more time. As Judge Hluchaniuk stated, "[T]here is simply no excuse to fail to communicate with opposing counsel regarding the deposition schedule, particularly given the time constraints of the May 3, 2011 Order." (R&R at 8).

### III. CONCLUSION

While this is not the most egregious case of discovery abuse the Court has encountered, an examination of the factors set forth in *U.S. v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002), reveals that dismissal is warranted. The factors a court must take into account to determine if dismissal is the appropriate remedy are:

(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Id.*

Here, the Court agrees with Judge Hluchaniuk that dismissal is appropriate because Plaintiff had already been sanctioned for discovery abuses. Plaintiff's counsel did nothing to seek relief from the Court from the depositions ordered to occur within a 45-day window; he totally ignored all of defense counsel's attempts to schedule the depositions; and he did nothing after the motion was filed to comply with his obligations under a prior court order.

The Court finds that Plaintiff's counsel's failure to comply with the May 3, 2011 Order was willful. As the Magistrate noted, his excuses are unavailing in light of his pattern of delay and failure to comply with multiple discovery orders (R&R at 12). Further, Defendant has been prejudiced by its inability to take a single deposition in a three year old case, preventing it from preparing a defense. Finally, by virtue of the prior order for sanctions (Doc. 105), Plaintiff was put on notice that sanctions could elevate.

The Court **ACCEPTS** Judge Hluchaniuk's Recommendation. Plaintiff's Third Amended Complaint is **DISMISSED** with prejudice.

**IT IS ORDERED**.

  /s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: February 15, 2012

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 15, 2012.

s/Linda Vertriest  
Deputy Clerk

---